OPINION
Appellant, Latoera D. O'Neal, appeals from the judgment of the Portage County Court of Common Pleas, convicting her of possession of cocaine, in violation of R.C. 2925.11.
On November 5, 1998, at approximately 8:00 p.m., Officer Burrell of the Ravenna City Police Department stopped a vehicle driven by Mark Carlin for traveling left of center on Hazen Street in Ravenna, Ohio. The car was also occupied by Shaun Hullett, who was sitting in the front passenger seat, and appellant, who was sitting in the rear seat. Officer Burrell recognized both Carlin and Hullett because of their involvement in prior theft and narcotics cases, and he knew that Hullett had an active warrant for his arrest. Officer Burrell radioed dispatch for backup and Hullett was arrested when Officer Brown arrived. While the officers were arresting Hullett, Officer Cooper arrived and proceeded to walk his police canine around the car. After the dog detected the presence of narcotics, Officers Burrell and Brown searched the car. Officer Brown found a pipe used to smoke crack cocaine between the front passenger seat and the front passenger door, and Officer Burrell found three small rocks of crack cocaine in the back seat where appellant had been sitting. Appellant was arrested for drug possession, and Hullett was subsequently charged with possession of the pipe.
On November 12, 1998, the Portage County Grand Jury indicted appellant on one count of possession of cocaine, in violation of R.C. 2925.11(A). On January 20, 1999, a jury trial commenced. The State presented the testimony of Officer Burrell, Officer Cooper, and Shaun Hullet. After the State presented its case, appellant moved for acquittal pursuant to Crim.R. 29 and also moved that the testimony of Shaun Hullet be stricken from the record. The trial court denied both motions, and appellant rested her case. The jury returned a verdict of guilty on one count of possession of cocaine. From her judgment of conviction, appellant assigns the following errors:
 "[1.] The trial court erred to the prejudice of defendant in its admission of Hulett's testimony that defendant sold a controlled substance to him before defendant's arrest for possession, as defendant had not been charged with trafficking. Hullet's testimony regarding this alleged trafficking was not material to show intent, and was therefore not admissible, as defendant did not present evidence to negate intent.
 "[2.] Appellant's conviction was not supported by sufficient credible evidence and was against the manifest weight of the evidence."
 In his first assignment of error, appellant alleges that the trial court erred by permitting Shaun Hullett to testify that less than an hour before appellant was arrested for drug possession, she sold him crack cocaine. Appellant contends that testimony concerning the alleged drug sale was inadmissible because she did not present evidence to negate her intent to possess cocaine. Evid.R. 404(B) governs the admissibility of evidence of other acts of a criminal defendant and provides:
 "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident."
 The above rule of evidence is codified in R.C. 2945.59, which provides:
 "In any criminal case in which the defendant's motive or intent, absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant."
 Contrary to appellant's contention that she must present evidence to negate her intent to possess cocaine to permit evidence of the alleged drug sale, evidence of other acts is admissible as long as "* * * it `tends to show' one of the matters enumerated in [R.C. 2945.59] and * * * is relevant to [prove the defendant's guilt] of the offense in question." State v. DeMarco (1987), 31 Ohio St.3d 191, 194, 509 N.E.2d 1256. In the instant case, evidence that appellant sold crack cocaine to Shaun Hullett less than an hour before she was arrested for drug possession showed that her proximity to the rocks of cocaine was not accidental. The prior crack cocaine sale to Hullett was also relevant because it attested to her possession of same within a short temporal proximity of her arrest.
Because evidence of the drug sale tended to show one of the matters enumerated in R.C. 2945.59 and was relevant to prove that appellant committed the offense of drug possession, the trial court did not err by permitting Shaun Hullett to testify that he had purchased drugs from appellant less than an hour before the traffic stop. Appellant's first assignment of error has no merit.
In her second assignment of error, appellant alleges that her conviction was not supported by sufficient evidence and was against the manifest weight of the evidence. Appellant contends that her conviction was not supported by sufficient evidence because no reasonable person could believe Shaun Hullett's testimony, which she claims was the only evidence linking her to the cocaine in the back seat of Carlin's car. The proper test for reviewing sufficiency is set forth in State v.Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, at paragraph two of the syllabus:
 "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."
 In the instant case, Shaun Hullett testified about the events preceding the traffic stop. According to Hullett, he and Mark Carlin purchased three rocks of crack cocaine, and appellant gave them another rock of crack in exchange for a ride home. When the police stopped Carlin's vehicle, he told appellant that he was going to get out of the car and run from the police, but she asked him not to run because she was carrying drugs. She assured Hullett that the police would only ask Carlin for his driver's license and issue him a traffic citation and not bother her and Hullett. Before the police took Hullett to the police car after arresting him, he saw appellant dump the contents of a plastic bag into the back seat of the car. Hullett testified that it was the same bag from which appellant had taken the drugs that she had sold to him and Carlin.
Appellant argues that no reasonable person could believe Hullett's testimony because Hullett is a convicted felon, was high on crack at the time of the traffic stop, and was merely testifying against appellant to reduce his own sentence; however, whether Hullett's testimony is credible is not the relevant inquiry in a sufficiency challenge. When the sufficiency of the evidence is attacked on appeal, an appellate court must determine whether the evidence presented at the trial, if believed, is legally sufficient to sustain a verdict. Hullett's testimony, if believed, would convince the average mind beyond a reasonable doubt that appellant knowingly possessed cocaine; therefore, her conviction is supported by sufficient evidence.
Appellant also contends that the verdict, finding her guilty of drug possession, was against the manifest weight of the evidence. The test to determine whether a jury verdict in a criminal case is against the manifest weight of the evidence is as follows:
 "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against conviction.
 State v. Martin (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717."
 "When reviewing questions of weight, the role of an appellate court is to engage in a limited weighing of the evidence adduced at trial in order to determine whether the state appropriately carried its burden of persuasion." State v. Patterson
(May 22, 1998), Trumbull App. No. 96-T-5439, unreported.
After reviewing the entire record, we do not believe that the verdict is against the manifest weight of the evidence. The trier of fact generally decides the weight to be given the evidence and the credibility of the witnesses. State v. DeHass
(1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus. Although appellant argues that Hullett's testimony was not credible, the jury, as the trier of fact, chose to believe Hullett's story that appellant was carrying drugs and emptied those drugs onto the back seat of Carlin's car. The State presented evidence that the rocks of cocaine were on the seat where appellant had been sitting, and appellant presented no evidence to refute Hullett's testimony. We cannot conclude that the jury lost its way or created such a manifest miscarriage of justice that appellant's conviction must be reversed and a new trial ordered. Appellant's second assignment of error has no merit.
For the foregoing reasons, the judgment of the Portage County Court of Common Pleas is affirmed.